IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| DAVID McCANN *and* KIRK LAUNIUS, <br><br> *Plaintiffs*, <br><br> v. <br><br> PAMELA BONDI, *U.S. Attorney General, in her official capacity as United States Attorney General*, <br><br> *Defendant*. | Civil Action No. _____ |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

INTRODUCTION

1. In *Firearms Policy Coalition, Inc. v. Bondi*, No. 4:24-CV-00565-O (N.D. Tex. 2025), this Court held that 18 U.S.C. § 930(a) and 39 C.F.R. § 232.1(l) place unconstitutional restraints on plaintiffs' right to bear arms in violation of the Second Amendment.

2. This Court limited relief to the plaintiffs in that case, members of the Firearms Policy Coalition and the Second Amendment Foundation. *Id*. at 17.

3. Plaintiffs here are regular firearm carriers who are forced to bring their own lawsuit, alleging identical claims to secure the same rights, as Plaintiffs are not members of either organization involved in the previous case.

4. Collateral estoppel should be applied against the Defendant, as this Court need not force Plaintiffs here to relitigate the same claims in the same court.

1

## PARTIES

5. David McCann is a long-time resident of Tarrant County, Texas. Every day he lawfully carries a concealed firearm for self-defense at home and in public.

6. Mr. McCann regularly stays up to date on best practices and current laws and regulations about guns. He also regularly participates in simulated trainings for proper gun use and situational deescalation.

7. Based on his extensive research and training, he believes that continuous carry is the safest and most responsible approach to self-defense with a firearm. For that reason, he wants to carry his firearm into the United States Postal Offices in Texas, and onto postal property.

8. Plaintiff Kirk Launius is a U.S. Navy veteran, a former police officer for the City of Dallas, and resident of Dallas County, Texas who also regularly and lawfully carries a firearm.

9. Mr. Launius also believes that the continuous carrying of a firearm is the best practice for self-defense.

10. As a former police officer, Mr. Launius is aware of the prevalence of local crime and the possibility that prior criminals may target him due to his police work.

11. Mr. Launius would also carry his firearm into the United States Postal Offices, and onto postal property, in Texas if it were permitted.

12. Defendant Pamela Bondi is the United States Attorney General. As such, Defendant Bondi leads the United States Department of Justice and is responsible for enforcing 18 U.S.C. § 930(a) and 39 C.F.R. § 232.1(l) at issue in this case.

## JURISDICTION AND VENUE

13. This is an action arising under the Second Amendment of the United States Constitution; thus this Court has subject-matter jurisdiction over this action and may grant injunctive relief under 28 U.S.C. § 1331 since it is a matter of federal law. Declaratory relief is authorized by 28 U.S.C. §§ 2201 and 2202, as well as Federal Rule of Civil Procedure 57.

14. There is an actual controversy between the parties concerning the lawfulness of 18 U.S.C. § 930(a) and 39 C.F.R. § 232.1(l). The plaintiff's injuries are concrete and particularized and those injuries are redressable by this Court.

15. Venue is proper in this District under 28 U.S.C. § 1391(e)(1)(C) because Plaintiff McCann lives in Tarrant County, Texas.

## GENERAL ALLEGATIONS

16. Plaintiffs bring this action challenging the constitutionality of 18 U.S.C. § 930(a) and 39 C.F.R. § 232.1(l) for violating their Second Amendment Right to carry their firearms in United States Postal Offices.

17. The Second Amendment of the United States Constitution states: "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. CONST. amend II.

18. To determine whether a plaintiff's Second Amendment rights are violated by a statute, the Court in *N.Y. State Rifle & Pistol Ass'n v. Bruen*, stated that "the standard for applying the Second Amendment is as follows: When the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct. The government must then justify its regulation

3

by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation." 597 U.S. 1, 24 (2022).

19. As established in *Bruen*, publicly carrying a firearm for self-defense is covered by the Second Amendment. *Id*.

20. 18 U.S.C. § 930(a) states that "whoever knowingly possesses or causes to be present a firearm or other dangerous weapon in a Federal facility (other than a Federal court facility), or attempts to do so, shall be fined under this title or imprisoned not more than 1 year, or both."

21. A "federal facility" is defined as a building or part thereof owned or leased by the federal government, where federal employees are regularly present for the purpose of performing their official duties." 18 U.S.C. § 930(g).

22. Accordingly, the 18 U.S.C. § 930(a) bars firearms in United States Postal Offices since it is a federal facility.

23. 39 C.F.R. § 232.1(l) states "no person while on postal property may carry firearms . . . either openly or concealed, or store the same on postal property, except for official purposes."

24. 39 C.F.R. § 232.1(l) prohibits firearms on postal property, which includes parking lots, even when carried lawfully for self-defense.

25. Therefore, the burden is on the government to "affirmatively prove that its firearms regulation is part of the historical tradition that delimits the outer bounds of the right to keep and bear arms." *Bruen*, 597 U.S. at 19.

26. In *Firearms Policy Coalition, Inc.*, this Court held that plaintiffs' challenge was subject to *Bruen's* historical analysis. *Supra*, at 7.

27. In *Firearms Policy Coalition, Inc.*, this Court held the burden did not shift to plaintiffs to show that the post office was not a sensitive place. *Id.*

28. This Court held that the government failed to meet its burden in showing that a post office was a sensitive place. *Id.* at 10.

29. As a result, the Court granted plaintiffs' request for a permanent injunction. *Id.* at 15-17.

30. Plaintiffs are not members of the Firearms Policy Coalition or Second Amendment Foundation.

31. Therefore, the government is not enjoined from enforcing 18 U.S.C. § 930(a) and 39 C.F.R. § 232.1(l) against Plaintiffs.

32. Plaintiffs raise the same challenge to 18 U.S.C. § 930(a) and 39 C.F.R. § 232.1(l) as plaintiffs in *Firearms Policy Coalition, Inc. Id.* at 1.

33. Plaintiffs would carry their firearms into the post office if not for 18 U.S.C. § 930(a) and 39 C.F.R. § 232.1(l) and the threat of enforcement.

34. Plaintiffs argue that offensive nonmutual collateral estoppel should be applied to their case because their claims against Attorney General Bondi are identical to the claims brought in *Firearms Policy Coalition, Inc.*

35. In *United States v. Mendoza*, the Court prohibited offensive nonmutual collateral estoppel from being applied to the federal government. 464 U.S. 154 (1984).

36. In *Mendoza*, the Court prohibited offensive nonmutual collateral estoppel from being applied to the federal government based on a prior ruling from a different federal district court. *Id.* at 155; See *Mendoza v. United States*, 672 F.2d 1320, 1320, 1323 (9th Cir. 1982), rev'd, 464 U.S. 154 (1984).

### CLAIM FOR RELIEF

#### VIOLATION OF THE SECOND AMENDMENT

37. Plaintiffs incorporate here by reference paragraphs 1 through 55, *supra*, as if fully set forth herein.

38. The Second Amendment of the United States Constitution states: "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. CONST. amend II.

39. Prohibiting firearms at United States Postal Offices falls within the plain text of the Second Amendment and requires *Bruen's* historical analysis to be applied. *Firearms Policy Coalition, Inc.*, *supra* at 7.

40. 18 U.S.C. § 930(a) and 39 C.F.R. § 232.1(l) ban firearms from being carried into United States Postal Offices.

41. This Court previously held that the government failed to show that banning firearms at post offices is consistent with the nation's historical tradition. *Id.* at 10-12. This Court declared 18 U.S.C. § 930(a) and 39 C.F.R. § 232.1(l) unconstitutional and enjoined the government from enforcing 18 U.S.C. § 930(a) and 39 C.F.R. § 232.1(l) against members of the Firearms Policy Coalition and Second Amendment Foundation. *Id.* at 14-17.

42.  Plaintiffs David McCann and Kirk Launius are not members of the Firearms Policy Coalition or Second Amendment Foundation and would carry their firearms into the post office if it were not for the threat of enforcement.

43.  Plaintiffs bring the same claims as plaintiffs in *Firearms Policy Coalition, Inc.*.

44.  The Court should apply offensive nonmutual collateral estoppel against the government because *Mendoza* is not binding on identical claims brought in the same court. 464 U.S. 154 (1984).

## PRAYER FOR RELIEF

There is an actual controversy between Plaintiffs and Defendants and Plaintiffs have a right to declaratory and injunctive relief. Therefore, Plaintiffs respectively request this Court:

1. Issue a declaratory judgment that 18 U.S.C. § 930(a) and 39 C.F.R. § 232.1(l) are unconstitutional under the Second Amendment to the extent they prohibit the possession and carrying of firearms on United States Post Office property;

2. Issue a permanent injunction enjoining enforcement of 18 U.S.C. § 930(a) and 39 C.F.R. § 232.1(l) to the extent they bar the possession and carrying of firearms on United States Post Office property;

3. Award Plaintiffs the costs of this action and reasonable attorney's fees under 28 U.S.C. § 2412; and

4. Award Plaintiffs other legal and equitable relief as is just and appropriate.

Dated: December 17, 2025                    Respectfully submitted,

*/s/ Anelise Powers*
ROBERT HENNEKE
Texas Bar. No. 24046058
rhenneke@texaspolicy.com
CHANCE WELDON
Texas Bar. No. 24076767
cweldon@texaspolicy.com
MATTHEW MILLER
Texas Bar. No. 24046444
mmiller@texaspolicy.com
ANELISE POWERS
California Bar No. 334883
apowers@texaspolicy.com
TEXAS PUBLIC POLICY FOUNDATION
901 Congress Avenue
Austin, Texas 78701
Telephone: (512) 472-2700