IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| DAVID McCANN *and* KIRK LAUNIUS,<br><br>*Plaintiffs,*<br><br>v.<br><br>PAMELA BONDI, *U.S. Attorney General, in her official capacity as United States Attorney General,*<br><br>*Defendant.* | Civil Action No. 4:25-cv-01424-Y |

**PLAINTIFFS' BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

## TABLE OF CONTENTS

INTRODUCTION ................................................................................................... 1
STATEMENT OF ISSUE TO BE DECIDED ............................................................. 2
STATEMENT OF UNDISPUTED MATERIAL FACTS ............................................ 2
STANDARD OF REVIEW ...................................................................................... 4
ARGUMENT AND AUTHORITIES ....................................................................... 4
CONCLUSION AND REQUEST FOR RELIEF ....................................................... 9

Plaintiffs David McCann and Kirk Launius (collectively, "Plaintiffs") file their Motion for Summary Judgment. Plaintiffs seek summary judgment because, as shown below, no genuine issue of material fact exists, and Plaintiffs are entitled to judgment as a matter of law.

## INTRODUCTION

Plaintiffs challenge two federal laws prohibiting the possession of firearms in United States Postal Offices, or on postal property, as a violation of their Second Amendment rights. Plaintiffs David McCann and Kirk Launius are Texas residents who lawfully carry firearms and would carry their firearms onto United States Postal Service property, in Texas, if it were not for the threat of enforcement of 18 U.S.C. § 930(a) and 39 C.F.R. § 232.1(l).

This Court previously held in *Firearms Policy Coalition, Inc. v. Bondi,* No. 4:24-CV-00565-O (N.D. Tex. 2025) that 18 U.S.C. § 930(a) and 39 C.F.R. § 232.1(l) violate Second Amendment rights and also enjoined the government from enforcing 18 U.S.C. § 930(a) and 39 C.F.R. § 232.1(l) against the plaintiffs in that case: the Firearms Policy Coalition, the Second Amendment Foundation, and their members.

The government should be estopped from enforcing 18 U.S.C. § 930(a) and 39 C.F.R. § 232.1(l) against Plaintiffs to this case since their claims are identical to plaintiffs in *Firearms Policy Coalition, Inc.*

1

## STATEMENT OF ISSUE TO BE DECIDED

Whether 18 U.S.C. § 930(a) and 39 C.F.R. § 232.1(l) prohibiting carrying firearms in United States Postal Offices and on United States postal property is a violation of Second Amendment rights.

## STATEMENT OF UNDISPUTED MATERIAL FACTS

1. 18 U.S.C. § 930(a) and 39 C.F.R. § 232.1(l) both prohibit bringing a firearm into a United States Postal Office or on postal property.

2. On September 30th, 2025, this Court held that 18 U.S.C. § 930(a) and 39 C.F.R. § 232.1(l) were unconstitutional violations of the Second Amendment. *Firearms Policy Coalition, Inc. v. Bondi,* No. 4:24-CV-00565-O (N.D. Tex. 2025).

3. However, this Court limited relief to members of the Plaintiff organizations, members of the Firearms Policy Coalition and the Second Amendment Foundation. *Id.* at 17.

4. Plaintiff David McCann is a resident of Tarrant County, Texas. Declaration of David McCann ¶ 1, *McCann v. Bondi*, 4:25-cv-01424-Y (N.D. Tex.).

5. Mr. McCann works hard to stay up to date on gun regulations, policies, and best practices. He also participates in simulated gun trainings to emphasize best practices and situational deescalation strategies. *Id.* at ¶ 2.

6. Based on his knowledge and training, Mr. McCann believes that regularly carrying a firearm, as opposed to only sporadically carrying a firearm, is the best practice for self-defense with a firearm, which has led him to regularly and lawfully carry his firearm every day. *Id.* at ¶ 4.

7. Mr. McCann would carry his firearm into the post office or onto postal property if it were not for fear of enforcement of 18 U.S.C. § 930(a) and 39 C.F.R. § 232.1(l) prohibiting firearms in United States Postal Offices or on postal property. *Id.* at ¶ 5.

8. Mr. McCann is not a member of the Firearms Policy Coalition or Second Amendment Foundation. *Id.* at ¶ 6.

9. Plaintiff Kirk Launius is a resident of Dallas County, Texas. Declaration of Kirk Launius ¶ 1, *McCann v. Bondi*, 4:25-cv-01424-Y (N.D. Tex.).

10. Mr. Launius is a Navy veteran and former City of Dallas police officer. His knowledge of firearms is based on both his professional work experience and training and his personal knowledge and interest. *Id.* at ¶ 2-4.

11. Based on his firearm knowledge and training, Mr. Launius believes that continuously carrying a firearm is the best practice for self-defense. *Id.* at ¶ 7.

12. Based on his former work as a police officer, Mr. Launius is aware of the prevalence of crime in the area and has concerns that his work as a former police officer may make him a target among former criminals he helped apprehend. *Id.* at ¶ 8-9.

13. Mr. Launius would carry his firearm into a United States Postal Office and onto postal property, but for fear of 18 U.S.C. § 930(a) and 39 C.F.R. § 232.1(l) being enforced against him. *Id.* at ¶ 10.

14. Mr. Launius is not a member of the Firearms Policy Coalition or Second Amendment Foundation. *Id.* at ¶ 11.

15. Because Mr. McCann and Mr. Launius are not members of Firearms Policy Coalition or the Second Amendment Foundation, they received no relief from this Court's judgment.

16. Plaintiffs therefore now seek relief in this case. *Id.*

17. Defendant Pamela Bondi is the United States Attorney General. As such, Defendant Bondi leads the United States Department of Justice and is responsible for enforcing 18 U.S.C. § 930(a) and 39 C.F.R. § 232.1(l) at issue in this case.

## STANDARD OF REVIEW

"Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986) (quoting Fed. R. Civ. P. 1). Summary judgment under Rule 56(c) is appropriate when there is no genuine issue as to any material fact in the case and the moving party is entitled to judgment as a matter of law. *Id.* at 322.

## ARGUMENT AND AUTHORITIES

Plaintiffs challenge 18 U.S.C. § 930(a) and 39 C.F.R. § 232.1(l) prohibiting ordinary, law-abiding citizens from carrying firearms into a United States Postal Office or onto postal property. As this Court rightly held in *Firearms Policy Coalition,*

*Inc. v. Bondi,* No. 4:24-CV-00565-O (N.D. Tex. 2025), these restrictions violate the Second Amendment.

As this Court explained: "Constitutional rights are enshrined with the scope they were understood to have *when the people adopted them." Id.* at 7 (quoting *Heller*, 554 U.S. at 634) (emphasis in original). And "both 18 U.S.C. § 930(a) and 39 C.F.R. § 232.1(1) are inconsistent with the principles that underpin this Nation's regulatory tradition. Thus, they are unconstitutional as-applied to carrying firearms inside an ordinary post office or on post office property." *Id.* at 5.

Here, Plaintiffs stand in the same position as the plaintiffs in *Firearms Policy Coalition, Inc.*—they are denied their right to carry firearms for self-defense on post office property. The same outcome as in *Firearms Policy Coalition, Inc.* is therefore warranted here.

The government should be estopped from arguing otherwise. Under the doctrine of collateral estoppel, "once a court has decided an issue of fact or law necessary to its judgment, that decision is conclusive in a subsequent suit based on a different cause of action involving a party to the prior litigation." *United States v. Mendoza*, 464 U.S. 154, 158 (1984) (referencing *Montana v. United States*, 440 U.S. 147, 153 (1979)). "Collateral estoppel . . . has the dual purpose of protecting litigants from the burden of relitigating an identical issue with the same party or his privy and of promoting judicial economy by preventing needless litigation." *Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation*, 402 U.S. 313, 328-329 (1971).

5

Here, Plaintiffs bring an issue identical to that in *Firearms Policy Coalition, Inc.*, namely, whether 18 U.S.C. § 930(a) and 39 C.F.R. § 232.1(l) violates Second Amendment rights by prohibiting carrying a firearm into the United States Postal Office or onto postal property for self-defense. Plaintiffs bring this suit against the same Defendant as in *Firearms Policy Coalition, Inc.*, and bring it in the same court. This Court should not require Plaintiffs to relitigate the same case against the same Defendant.

The government will likely argue that this approach is barred by *Mendoza v. United States*. 464 U.S. 154 (1984). In that case, the Renquist Court carved out a policy-based exception to the general rules of estoppel for certain federal government defendants. *Id*. The issue was whether the United States District Court for the Central District of California could apply collateral estoppel against a federal government defendant based on a prior case from the Northern District of California. *Id*. at 155*; See Mendoza v. United States,* 672 F.2d 1320, 1320, 1323 (9th Cir. 1982), rev'd, 464 U.S. 154 (1984). The Court ultimately concluded that applying traditional equitable principles of estoppel in those circumstances would be contrary to public policy because it would prevent the percolation of issues in the various lower courts by "freezing the first final decision" and would also interfere with the Solicitor General's choice to appeal a case. *Mendoza,* 464 U.S. at 160–61.

Plaintiffs do not concede that *Mendoza* was rightly decided. Regardless, and whatever one thinks of that judge-made policy exception to the traditional rules of estoppel, it would not bar the application of estoppel here. Unlike the plaintiff in

6

*Mendoza*, Plaintiffs here seek relief in the *same* district. Whatever benefit there may be to allowing percolation of issues between *different* courts, that benefit simply does not exist with regard to decisions in the *same* court. *See*, e.g., *State v. United Cook Inlet Drift Ass'n*, 895 P.2d 947, 952 (Alaska 1995) (refusing to apply the *Mendoza* exception to local governments); *Benjamin v. Coughlin*, 905 F.2d 571 (2d Cir. 1990) (same); *In re Stevenson*, 615 Pa. 50, 40 A.3d 1212 (2012) (same). *But see State of Idaho Potato Comm'n v. G & T Terminal Packaging*, 425 F.3d 708 (9th Cir. 2005); *Hercules Carriers, Inc. v. Florida*, 768 F.2d 1558 (11th Cir. 1985).

To the contrary, allowing the federal government to relitigate the constitutionality of its policies to produce different outcomes within the same district would lead to chaos, where the applicability of federal regulations could be different between next-door neighbors. This risk is only exacerbated by the Supreme Court's recent decision in *Trump v. CASA,* doing away with universal injunctions. 606 U.S. 831, 837 (2024) ("These injunctions—known as "universal injunctions"—likely exceed the equitable authority that Congress has granted to federal courts."). In the absence of universal (or even district-wide) injunctions, every plaintiff seeking relief must now file his own lawsuit, thus incentivizing hundreds of lawsuits seeking the same relief in the same district.  Although universal injunctions and collateral estoppel are distinct legal doctrines, they share a parallel history, likely due to their shared impact on matters of judicial economy. Zachary D. Clopton, *National Injunctions and Preclusion*, 118 Mich. L. Rev. 1, 8 (2019). The shift away from universal injunctions in *CASA*, impacts the balance of policy considerations underlying *Mendoza,* as a

7

purely policy-based decision, by further burdening both the court and individuals seeking relief.

By contrast, applying nonmutual collateral estoppel against the United States here would promote judicial economy by preventing the United States from relitigating an issue that was fully and fairly decided in a prior proceeding in the same district. This Court need not expend its precious time and resources giving the government a second bite at the apple.

It also would not be the first time a court chose to read *Mendoza* narrowly. Some jurisdictions have also decided not to apply the *Mendoza* exception to state and local government considering *Mendoza* dealt with a federal government defendant. *See State v. United Cook Inlet Drift Ass'n*, 895 P.2d 947, 952 (Alaska 1995) ("We conclude that the State's argument for adoption of the *Mendoza* exception for the state government to the application of nonmutual collateral estoppel should be rejected."); *Benjamin v. Coughlin*, 905 F.2d 571 (2d Cir. 1990); *In re Stevenson*, 615 Pa. 50, 40 A.3d 1212 (2012). *But see State of Idaho Potato Comm'n v. G & T Terminal Packaging*, 425 F.3d 708 (9th Cir. 2005); *Hercules Carriers, Inc. v. Florida*, 768 F.2d 1558 (11th Cir. 1985).

Just as courts have distinguished between applying *Mendoza* to federal government versus state and local government, this Court should distinguish between applying the *Mendoza* exception to cases brought in different judicial districts versus the same district, considering that *Mendoza*'s policy justifications are not applicable to the latter.

8

## CONCLUSION AND REQUEST FOR RELIEF

For the foregoing reasons, Plaintiffs respectively request this Court:

1. Issue a declaratory judgment that 18 U.S.C. § 930(a) and 39 C.F.R. § 232.1(l) are unconstitutional under the Second Amendment to the extent they prohibit the possession and carrying of firearms on United States Post Office property;

2. Issue a permanent injunction enjoining enforcement of 18 U.S.C. § 930(a) and 39 C.F.R. § 232.1(l) against the Plaintiffs to the extent those laws bar the possession and carrying of firearms on United States Post Office property;

3. Award Plaintiffs the costs of this action and reasonable attorney's fees under 28 U.S.C. § 2412; and

4. Award Plaintiffs other legal and equitable relief as is just and appropriate.

Dated: December 19, 2025                    Respectfully submitted,

*/s/ Anelise Powers*
ROBERT HENNEKE
Texas Bar. No. 24046058
rhenneke@texaspolicy.com
CHANCE WELDON
Texas Bar. No. 24076767
cweldon@texaspolicy.com
MATTHEW MILLER
Texas Bar. No. 24046444
mmiller@texaspolicy.com
ANELISE POWERS
California Bar No. 334883
apowers@texaspolicy.com
TEXAS PUBLIC POLICY FOUNDATION
901 Congress Avenue
Austin, Texas 78701
Telephone: (512) 472-2700

9

## CERTIFICATE OF SERVICE

I hereby certify that on December 19, 2025, I served a physical copy of the forgoing document by U.S. Certified Mail, return receipt requested, in accord with Federal Rule of Civil Procedure 5(b)(2)(C).

*/s/ Anelise Powers*
Anelise Powers

10